U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 1 4 2015

TONY R. MOORE, CLERK
BY_____
            DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LARRY BROWN (#07423-043) | DOCKET NO. 15-CV-2642; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

*Pro se* Petitioner, Larry Brown, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on November 5, 2015. [Doc. #1] Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP), and he is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He challenges the computation of his sentence by the BOP.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Procedural Background*

Petitioner alleges that he was arrested on March 30, 2003, for forgery and possession of a firearm. The forgery charges proceeded in the Mississippi State court, while the firearms charge was pursued by federal authorities. On February 10, 2004, Petitioner was convicted of being a felon in possession of a firearm following a jury trial in the United States District Court for the Southern District of Mississippi. [1:03-cr-110 S.D.Miss.] He was sentenced to a sixty-month term of imprisonment.

Petitioner alleges that he was sentenced to fifteen years of imprisonment on the Mississippi state charge, with 10 years suspended. He was to serve five years concurrent with his federal sentence, as ordered by the state judge. [Doc. #1, p.4] When Petitioner was released from state custody on November 4, 2006, he was transported to Louisiana, where he was remanded to custody for a parole violation until January 20, 2014. [Doc. #1, p.4] After release from the custody of Louisiana officials, he was transported to federal custody to begin serving his federal sentence.

### Law and Analysis

Petitioner seeks credit against his federal sentence for time spent serving his state sentences.

Title 18 U.S.C. §3584(a) provides that multiple terms of imprisonment imposed *at different times* run consecutively unless the federal court orders that the terms are to run concurrently. The Fifth Circuit has declared that "well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders they run concurrently." Free v. Miles, 333 F.3d 550, 553 (5th Cir.2003) (per curiam) (emphasis added). "A district court must specify in its sentencing that sentences run concurrently; otherwise, they run consecutively." Id.; see also, Reese v. United States Bureau of Prisons, 2006 U.S. Dist. LEXIS 23320 (D.Tex. 2006). In this case, the federal judge did not order

2

the sentence to run concurrent with any other sentence. [1:03-cr-110, S.D.Miss., Doc. #26]

Although the Mississippi state judge ordered the state sentence to run concurrent to the federal sentence, this ruling is not binding on the BOP. See Leal v. Tombone, 341 F.3d 427, 429 (5th Cir. 2003)(per curiam)(State court's authority is limited to sending inmate to state prison to serve his state sentence. Courts have "no authority to violate the statutory mandate that federal authorities need only accept prisoners upon completion of their state sentence and need not credit prisoners with time spent in state custody.")(citations omitted); see also Bloomgren v. Belaski 948 F.2d 688, 690-91 (10th Cir.1991)(The determination by federal authorities that Bloomgren's federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction.). Therefore, because the federal judge did not specify concurrent sentences, the federal sentence runs consecutive to the state sentences.

Moreover, Title 18 U.S.C. §3585 determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. See Reno v. Koray, 515 U.S. 50, 55, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995). The statute provides as

3

follows:

>   (a) Commencement of sentence — A sentence to a term of imprisonment commences *on the date the defendant is received in custody* awaiting transportation to, or arrives voluntarily at, the official detention facility at which the sentence is to be served.
>
>   (b) Credit for prior custody — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>   (1) as a result of the offense for which the sentence was imposed; or
>
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>   **that has not been credited against another sentence.**

18 U.S.C. §3585 (emphasis added). The time in which Petitioner was in the custody of the states of Mississippi and Louisiana, from May 5, 2004 to November 3, 2006, and from November 4, 2006 through January 16, 2014, was credited toward Petitioner's sentences in those states. Section 3585 only allows credit for time **that has not been credited against another sentence.**

In summary, the federal judge did not order the federal sentence to run concurrent to the state sentences, and Petitioner is not otherwise entitled to double credit under Sections 3584 or 3585.

### *Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED** with prejudice,

as Petitioner has not shown that his custody is in violation of the Constitution or laws of the United States.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 14th day of December, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE